[No. D051300. Fourth Dist., Div. One. Mar. 4, 2008.]

In re ALEJANDRO A., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ALEJANDRO A., Defendant and Appellant.

■■■■■■■■■■■■■■■■

Christopher Blake for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Gil Gonzalez and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BENKE, Acting P. J.**—In this delinquency proceeding, appellant Alejandro A. alleges there was evidence he was an Indian child and inquiry should have been made as to his status before the disposition was entered. We reject the contention and affirm the judgment.

## BACKGROUND

*The November 15, 2005, Petition*

On November 11, 2005, shortly before 10:30 p.m. appellant, who was 14 years old, and a 17-year-old companion threw rocks at vehicles that were being driven down Old Highway 80 in Boulevard. One of the rocks struck the driver's side windshield of Brian Hicks, causing $450 in damage. The passenger in another car nearly struck by a rock tried to place appellant and his companion under citizen's arrest. A passer-by gave that driver enough information that appellant was identified.

In a petition filed on November 15, 2005, pursuant to Welfare and Institutions Code section 602, the San Diego District Attorney charged

appellant in count 1 with assault in violation of Penal Code section 245, subdivision (a)(1), in count 2 with willfully and maliciously throwing rocks or other items capable of doing serious bodily harm at a vehicle or its occupants in violation of Vehicle Code section 23110, subdivision (b), in count 3 with unlawfully and maliciously damaging and destroying real and personal property in violation of Penal Code section 594, subdivisions (a) and (b)(1), and in count 4 with throwing a substance at a vehicle or occupant thereof on a highway, a misdemeanor in violation of Vehicle Code section 23110, subdivision (a). He admitted the allegations at an adjudication hearing held on April 3, 2006. On April 24, 2006, pursuant to Welfare and Institutions Code section 790, the court deferred judgment and placed appellant on probation without an order of wardship.

### The March 9, 2007, Petition

At approximately 7:00 p.m. on November 12, 2006, one of the owners of the Live Oaks Spring Resort in Boulevard saw appellant and another juvenile leave cabin No. 7 and walk downstairs. The owner asked what they were doing. When they jumped over a fence, the owner drove around trying to find them but was unsuccessful.

At approximately 9:00 p.m. on November 12, Angela Rodriguez, who rented cabin No. 7 with her husband, returned from dinner. When she went inside, she noticed that a duffle bag with their clothes, a basket with gifts from the cabin owners, her medication, and her cell phone were gone. She returned to the restaurant and notified the clerk. A San Diego sheriff's deputy responding to the break-in at cabin No. 7 noticed the screen was cut and the window opened, allowing the suspects to reach in and open the door. When contacted by the deputy, appellant admitted he broke into cabin No. 7 and told the deputy where the stolen property was located.

A second petition pursuant to Welfare and Institutions Code section 602 was filed on March 9, 2007. In this petition, appellant was charged with first degree burglary in count 1 in violation of Penal Code sections 459 through 460. On June 6, 2007, following a contested jurisdictional hearing, the juvenile court found the allegations of the petition to be true.

On June 27, 2007, the juvenile court revoked the deferred entry of judgment on the November 15, 2005, petition, reinstated the charges and set a

combined dispositional hearing on both petitions for July 20, 2007. On that date appellant was declared a ward of the court and committed to the Breaking Cycles program for a period not to exceed 240 days. The court stayed the commitment pending a review to be held October 26, 2007. Appellant was placed in his mother's custody.

Appellant filed a timely notice of appeal.

## DISCUSSION

Appellant's sole contention is that there is substantial evidence to conclude he may be an Indian child and therefore an inquiry should have been made to determine if he actually was an Indian child before any disposition order was made.

We disagree.

There are several reasons we reject appellant's contention. Most notably, there is simply no evidence appellant is an Indian child such that the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) applies to him. Appellant told the probation officer he is not Native American. The social study prepared by the probation officer lists appellant, without contradiction anywhere in the record, as "Mexican/Hispanic." Indeed, in the probation officer's social study it is reported that appellant stated he did not get along well with other students at school because they disliked the fact he lived on a reservation and was not Indian. The fact appellant may live near four reservations does not make him an Indian child. Nor does his volunteer work at a reservation, his use of a reservation's substance abuse program, or his friendship with another Indian child create sufficient evidence to raise the possibility he may be an Indian child.

Even if appellant might establish he is an Indian child, there is no authority for the proposition that the provisions of the act generally apply to delinquency proceedings. By the terms of 25 United States Code section 1903(1), the act applies to child *custody* proceedings. This expressly excludes placement based on an act which, if committed by an adult, would be deemed a crime. (*In re Enrique O.* (2006) 137 Cal.App.4th 728, 735 [40 Cal.Rptr.3d 570].) However, where a petition is to be, or has been, filed pursuant to Welfare and Institutions Code section 602, ICWA will apply in any wardship

proceedings if the child is at risk of entering foster care, or is then in foster care. (Welf. & Inst. Code, § 224.3, subd. (a).) The case before us is not a child custody proceeding nor is it one where appellant is at risk of entering foster care.

■ Appellant invites us to categorize the Breaking Cycles program as a form of "foster care." The argument is without merit. ICWA clearly defines foster care as "any action removing an Indian child from its parent or Indian custodian . . . or conservator where the parent or Indian custodian cannot have the child returned upon demand, but where parental rights have not been terminated." (25 U.S.C. § 1903(1)(i).) The definition contemplates at a minimum a temporary restriction on parental rights based on parental abuse or neglect, while the parent or parents participate in reunification. (*In re S.B.* (2005) 130 Cal.App.4th 1148, 1162–1164 [30 Cal.Rptr.3d 726].) No such restriction on parental rights appears in this record. Moreover, there was no attempt at the disposition hearing to demonstrate Breaking Cycles is a foster program, and there is nothing in the record before us indicating the Breaking Cycles program is in the nature of a foster home.

■ Appellant argues we should read 25 United States Code section 1921 and Welfare and Institutions Code section 224.3 together and conclude they reach this case. His argument is misplaced. Title 25 United States Code section 1921 expressly provides: "In any case where State or Federal law applicable to a child custody proceeding under State or Federal law provides a higher standard of protection to the rights of the parent or Indian custodian of an Indian child than the rights provided under this subchapter, the State or Federal court shall apply the State or Federal standard." Thus it provides states may pass more stringent laws affecting the rights of Indian children with respect to protecting the rights of a parent or Indian custodian.

■ Welfare and Institutions Code section 224.3, subdivision (a), provides: "The court, county welfare department, and the probation department have an affirmative and continuing duty to inquire whether a child for whom a petition under Section 300, 601, or 602 is to be, or has been, filed is or may be an Indian child in all dependency proceedings and in any juvenile wardship proceedings if the child is at risk of entering foster care or is in foster care." While Welfare and Institutions Code section 224.3 expands its reach to proceedings brought pursuant to Welfare and Institutions Code section 602, it does so only where those proceedings relate to parents or Indian custodians. Appellant is neither a parent nor Indian custodian.

## DISPOSITION

The judgment is affirmed.

O'Rourke, J., and Aaron, J., concurred.