[EDITORS' NOTE: THIS OPINION IS DEPUBLISHED UPON GRANTING OF PETITION FOR REVIEW. THE OPINION APPEARS BELOW WITH A GRAY BACKGROUND.]
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 128 
OPINION
The minor, W.B., Jr., appeals from a dispositional order removing him from his mother's custody and ordering him placed in a foster home, group home, relative home, county or private facility. The minor contends the dispositional order must be reversed because the court failed to comply with the notice provisions of the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) (ICWA, or the Act). Finding that ICWA excludes delinquencies from its notice requirements, we hold that any attempt by the State of California to expand ICWA's application to delinquencies is unauthorized under the federal preemption doctrine. We affirm.
 BACKGROUND
The minor has been the subject of several delinquency petitions (Welf. Inst. Code, § 602)[1] commencing in 2007, for his commission of offenses that would be crimes if committed by an adult. He was first declared a ward on August 8, 2007, and ordered placed at the Van Horn or Twin Pines facility. That order was reconsidered on August 28, 2007, when the minor was ordered to participate in the Wraparound program.[2] In August 2008, following a court trial on an allegation of robbery (Pen. Code, § 211), the wardship was continued and the minor was ordered to spend no less than 54 days nor more than 108 days in juvenile hall or a county facility, based on an incident occurring on June 12, 2008. Although information received from the minor's mother regarding possible Cherokee heritage had been noted, no notice was given to the Cherokee Tribe. No appeal was taken from that order.
On October 13, 2008, the minor and two others broke into a home through the sliding glass door and ransacked the house. In pursuing the burglars, officers found a pillowcase containing a video game console, two remote controls, three video games, and a pink shirt, all taken during the burglary. The minor was identified as one of the burglars.
On October 14, 2008, a subsequent petition was filed alleging the minor committed a residential burglary. (Pen. Code, § 459.) After a court trial, the *Page 130 
court found the burglary allegations of the petition were true and set the minor's maximum confinement time at six years. At the disposition hearing, the court ordered the minor placed in a suitable foster home, group home, relative home, county or private facility, and directed the minor to comply with terms of probation. Specifically, the court directed that the minor be placed in a suitable public or private facility as deemed necessary. The court set the aggregate term of confinement at eight years eight months.
On December 17, 2008, the minor appealed.
 DISCUSSION
The minor asserts that the dispositional order must be reversed because the court failed to comply with the notice requirements of ICWA. Respondent argues that ICWA specifically excludes delinquency proceedings from the application of the Act. We agree with respondent.
ICWA establishes exclusive jurisdiction in the tribal courts for proceedings concerning an Indian child who resides or is domiciled within the reservation of such tribal courts, except where such jurisdiction is otherwise vested in the state by existing federal law. (25 U.S.C. § 1911(a).) In any state court proceeding for the foster care placement of, or termination of parental rights to, an Indian child not domiciled or residing within the reservation of the Indian child's tribe, the Indian custodian of the child and the Indian child's tribe shall have a right to intervene at any point in the proceeding. (25 U.S.C. § 1911(c).) In any involuntary proceeding in a state court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention. (25 U.S.C. § 1912(a).)
The notice requirements are intended to ensure a tribe's right to intervene where the court knows or has reason to know that an Indian child is involved. (25 U.S.C. § 1912(a); In re Desiree F. (2000)83 Cal.App.4th 460, 469 [99 Cal.Rptr.2d 688].) Section 224.3 requires notice to the tribes in "all dependency proceedings and in any juvenile wardship proceedings if the child is at risk of entering foster care or is in foster care." The question presented here is whether section 224.3 extends ICWA to all delinquency proceedings where the minor is at risk of placement in foster care or a public or private institution following a finding he has committed an act which would be a crime if committed by an adult. To answer this question, we turn to the language of ICWA itself to see if the Act can be interpreted to apply in delinquency proceedings. *Page 131 
The ICWA establishes minimum federal standards for the removal of Indian children from their families and the placement of such children in foster or adoptive homes. (25 U.S.C. § 1902.) In addition to jurisdiction over child custody proceedings relating to Indian children residing within a tribal reservation, it applies in any state court proceeding for the foster care placement of, or termination of parental rights to, an Indian child. (25 U.S.C. § 1911(c).)
Section 1903 of title 25 of the United States Code explains that the terms "child custody proceeding" and "foster care placement" "shall not include a placement based upon an act which, if committed by an adult, would be deemed a crime. . . ." This language has been interpreted to mean it excludes placements made in delinquency cases. (In re Enrique O.
(2006) 137 Cal.App.4th 728, 733 [40 Cal.Rptr.3d 570] (Enrique O.);In re Alejandro A. (2008) 160 Cal.App.4th 1343, 1347-1348 [74 Cal.Rptr.3d 44] (Alejandro A.).)
The minor acknowledges the express language of ICWA, but argues that section 224.3 represents a state law that provides a higher standard of protection, and that we should interpret that statute to expand the protections afforded by the federal ICWA statute to delinquency proceedings. This we cannot do.
It is true that section 224.3, subdivision (a), provides, "[t]he court . . . and the probation department have an affirmative and continuing duty to inquire whether a child for whom a petition under Section 300, 601, or 602 is to be, or has been, filed is or may be an Indian child in all dependency proceedings and in any juvenile wardship proceedings if the child is at risk of entering foster care or is in foster care." However, the inclusion of references to section 602 and wardship proceedings does not mean that California has or is authorized to expand the reach of ICWA. To the contrary, it appears that the statute included the references to section 602 and wardship proceedings to address "dual status" situations where foster care placement is intended to promote the best interests of the child (§ 241.1; see Enrique O., supra,137 Cal.App.4th at p. 734), or cases in which the delinquency proceedings are based on acts which would not be crimes if committed by an adult, such as underage drinking (137 Cal.App.4th at p. 734, fn. 3). In such cases, the minor is charged with an offense that would not be a crime if committed by an adult, so ICWA would apply.
Section 224.3 was added by Senate Bill No. 678 (2005-2006 Reg. Sess.). (Stats. 2006, ch. 838, § 32.) That bill made changes and additions to various codes with the intent to revise, recast, and expand various provisions of state law to authorize Indian tribes that are not recognized under federal law to *Page 132 
intervene in guardianship and child custody proceedings. (Sen. Bill No. 678 (2005-2006 Reg. Sess.); Stats. 2006, ch. 838, § 2.) The provisions were intended to apply to certain children who do not come within the definition of an Indian child under ICWA because their tribes are not registered, but who reside on an Indian reservation or have some other special relationship to a tribe. In addition to section 224.3, the bill enacted section 224.1, which incorporated the definition of "child custody proceeding" as provided in "Section 1903 of the Indian Child Welfare Act." (Sen. Bill No. 678 (2005-2006 Reg. Sess.); Stats. 2006, ch. 838, § 30.) Thus, the minor's assertion that the Legislature intended to expand ICWA to all delinquency proceedings is unfounded.
More importantly, to interpret section 224.3 as a legislative expression of an intent to expand the scope of ICWA to all delinquency proceedings, would be to directly conflict with the Act's provisions. At the heart of ICWA are its provisions concerning jurisdiction over Indian child custody proceedings. (In re Brandon M. (1997) 54 Cal.App.4th 1387,1395 [63 Cal.Rptr.2d 671].) The state has no power to expand on a federal statute concerning jurisdiction over Indian child custody proceedings because federal law is preemptive on that subject.
A federal law may be found to preempt state law by virtue of a conflict between the provisions of federal and state law. (In re Brandon M.,supra, 54 Cal.App.4th at p. 1396.) State jurisdiction is preempted if it interferes or is incompatible with federal and tribal interests reflected in federal law, unless the state interests at stake are sufficient to justify the assertion of state authority. (New Mexico v.Mescalero Apache Tribe (1983) 462 U.S. 324, 334 [76 L.Ed.2d 611,103 S.Ct. 2378].)
The minor's position interferes and is incompatible with the federal and tribal interests as reflected in the definition of "child custody proceeding" found in ICWA. Because the federal statute includes an express definition of the types of proceedings to which it applies, and because that definition affects jurisdiction under the Act, the state is powerless to expand that definition. Subject matter jurisdiction cannot be conferred by consent, waiver or estoppel. (2 Witkin, Cal. Procedure (5th ed. 2008) Jurisdiction, § 13, p. 585.)
By its express terms, ICWA is inapplicable to delinquency proceedings. (25 U.S.C. § 1903(1).) To allow the states to expand the scope and subject matter jurisdiction of the Act would impair the program, leading to disparate results depending on the state in which the delinquency proceedings are initiated. If we were to interpret section 224.3 to expand ICWA to all delinquency proceedings, we would be rewriting it to make it conform to a *Page 133 
presumed intention that was not stated, which we are not authorized to do. (Stephens v. County of Tulare (2006) 38 Cal.4th 793, 801-802 [43 Cal.Rptr.3d 302, 134 P.3d 288].) We have no authority to rewrite a federal statute in a manner inconsistent with Congress's expressed intention to exclude delinquency proceedings from ICWA.
Further, ICWA applies only to child custody proceedings in which a child may be placed in foster care or in an adoptive placement, not to placements in public or private institutions designed for the reform or rehabilitation of the minor. Placement in a juvenile detention facility, or other public or private institution pursuant to a dispositional order in a delinquency proceeding, is not a court proceeding for the foster care placement of, or termination of parental rights to, an Indian child (25 U.S.C. § 1911(c)), and thus is excluded from ICWA (25 U.S.C. § 1903(1)).
The minor further argues that the Act only established the minimum federal protections and that state law can provide greater protection. He cites the recent decision of R.R v. Superior Court (2009)180 Cal.App.4th 185, in support of his position. We decline to follow R.R. because it is contrary to both the weight of current published decisions, and the purpose of the notice requirements of ICWA. While it may be true that in some situations state law may provide greater protection than the minimum federal protections (180 Cal.App.4th at pp. 207-208), state law may not expand the jurisdictional basis for application of ICWA, especially where the federal Act expressly excludes certain types of cases from the reach of ICWA.
The minor also argues that we should not follow Alejandro A. or EnriqueO. because they were decided before the enactment of section 224.3. It is irrelevant when California enacted the statute requiring notice to tribes because we interpret that statute to apply to a limited class of wardship proceedings, not including delinquencies based on acts which would be crimes if committed by adults. The state Legislature lacks the authority to expand the subject matter jurisdiction of the federal Act to include all wardships as suggested by the minor.
Under the supremacy clause, the congressional Act preempts a conflicting state law. (In re Brandon M., supra,54 Cal.App.4th at p. 1393; see also Crosby v. National Foreign TradeCouncil (2000) 530 U.S. 363, 372-373 [147 L.Ed.2d 352, 120 S.Ct. 2288] [state foreign trade act concerning Burma undermined purpose of, and was preempted by, the federal act, where it penalized individuals who were exempted from sanctions by the federal act].) Here, ICWA, expressly excludes from its application cases involving a placement based on an act which, if committed by an adult, would be deemed a crime. (25 U.S.C. § 1903(1).) *Page 134 
To the extent that section 224.3 may be interpreted to apply ICWA notice requirements to all wardship proceedings, including delinquency proceedings arising from the commission of acts that would be a crime if committed by an adult, it has been preempted by federal law. In any event, ICWA does not apply to this delinquency proceeding, because it involved a placement in a public or private institution rather than a foster care placement. Under any interpretation, the lack of notice to Indian tribes does not constitute reversible error.
 DISPOSITION
The judgment is affirmed.
Richli, Acting P. J., and Miller, J., concurred.
[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.
[2] The Wraparound service program was implemented in 1997 pursuant to Senate Bill No. 163 (1997-1998 Reg. Sess.). (See § 18250 et seq.) Senate Bill No. 163 allows California counties to use nonfederal Aid to Families with Dependent Children-Foster Care dollars to provide children and families with family-based service alternatives to group home care using intensive, individualized services and support to families that would allow children to live and grow up in a safe, stable and permanent family environment. The target population for the program is children in or at risk of placement in group homes at the "Rate Classification Levels" of 10 to 14. (State Dept. of Social Services Web sitehttp://www.childsworld.ca.gov/PG1320.htm [as of Jan. 25, 2010].) *Page 135